**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION NO. 26-149** |
| | **:** | |
| **RONALD WILFORD** | **:** | |

**McHUGH, J.**                                                                                                   **JULY 13, 2026**

## MEMORANDUM

Mr. Wilford stands before the Court charged as a felon in possession of a firearm. He stipulated to detention when arraigned on the basis of a state court detainer which has since been lifted and now moves for pretrial release.  For the reasons that follow, the motion will be denied.

Under 18 U.S.C. § 3142(g), a court must consider the "nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm, the "weight of the evidence against the person, "the history and characteristics of the defendant, and  "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. § 3142(g)(4).

Firearms on the street pose inherent risks, which is why possession of a firearm by a felon represents a criminal offense.  Mr. Wilford has is a repeat offender, and the gun had been reported stolen. Although the defense points to his apparent mental health incident on the night of his arrest, if anything that accentuates rather than minimize the risk presented by his possession of a gun. *See Wilborn v. Barr,* 401 F. Supp. 3d 501, 503 (E.D. Pa. 2019). And he faces a potentially severe sentence given two prior convictions for unlawful possession.

The evidence against him is strong, given the statement of the shopkeeper to whom he presented the gun, the video evidence, and his statements to police around the time of his arrest.

As to the defendant's characteristics, it is concerning that this represents the third time he has been charged with unlawful possession of a firearm, suggesting a persistent difficulty in complying with the law. He also admitted to using cocaine on the day of his arrest, which, when coupled with potential mental health issues, is also cause for concern.

With respect to community danger, the incident leading to Mr. Wilford's arrest caused a shopkeeper to close and lock her store and seek protection from the police. I note that the address proposed by the defense for Mr. Wilford to reside appears to be in close proximity to the business already impacted by his behavior.

The defense is correct that this is not a case where there is a presumption that Mr. Wilford should be held until trial.  And there is some resonance to the argument that Mr. Wilford's he did not intend to menace the owner of the shop that he entered, something reinforced by his conduct when he was confronted by police.  I also share the Defender's high regard for this Court's STRIDES program.

But the combination of factors discussed above clearly convinces me that detention is warranted, because of danger to the community, a conclusion shared by the Court's Office of Pretrial Services.  An appropriate order follows.


 /s/ Gerald Austin McHugh
United States District Judge